# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GREGORY EDMOND** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 08-3209** |
| | * | |
| **OFFSHORE SPECIALTY FABRICATORS, INC.** | * | **SECTION "L"(2)** |

## ORDER & REASONS

Before the Court is Gregory Edmond's Motion for Partial Summary Judgment on the Issue of Maintenance and Cure (Rec. Doc. No. 12). For the following reasons, the motion is DENIED.

## I. BACKGROUND

This case arises out of an injury that occurred on March 9, 2008 while the Plaintiff, Gregory Edmond, was employed as an oiler aboard the derrick barge DB WILLIAM KALLOP in the Sea Buoy off the coast of Houma, Louisiana. According to the Plaintiff, he was an employee of Offshore Specialty Fabricators, Inc. ("Offshore") when he was asked to use a rope to manually pull a Wilden pump out of the water and onto the barge. The Plaintiff alleges that he suffered severe injuries as a result of this incident (Rec. Doc. No. 1). The Plaintiff asserts claims under the Jones Act and General Maritime Laws, and claims that the Defendant was negligent and that the vessel was unseaworthy. Plaintiff seeks general damages as well as maintenance and cure, and seeks judgment totaling three million ($3,000,000) dollars.

The Defendant has answered and denies liability. The Defendant contests causation and damages. The parties dispute the nature and extent of the injuries.

## II. THE MOTION

Plaintiff now moves the Court for summary judgment finding that the Plaintiff is entitled to maintenance and cure. Plaintiff argues that he is a seaman who was injured while in service of the Defendant's ship, and thus he must be paid maintenance and cure. Further, he argues that Defendant Offshore's refusal to pay maintenance and cure is unreasonable as Plaintiff's alleged pre-existing injury is in an area unrelated to the back injury sustained. Thus, the Plaintiff is entitled to additional compensatory damages, including attorney's fees. Accordingly, the Plaintiff requests that the Court grant summary judgment in favor of the Plaintiff on the issue of maintenance and cure.

In response, Defendant argues that there are genuine issues of material fact surrounding the Plaintiff's maintenance and cure claim. Based on a medical clinic report from February 28, 2008 (Rec. Doc. No. 14-2), Defendant claims that the injury of which Plaintiff complains is a pre-existing injury. Additionally, the Defendant claims that Plaintiff misrepresented his prior health history on a pre-employment questionnaire. Accordingly, the Defendant argues that there are unresolved facts regarding whether or not the Plaintiff's injury was actually sustained in the service of the DB WILLIAM KALLOP, and thus summary judgement should be denied.

## III. LAW & ANALYSIS

Summary judgment is appropriate in a case if "there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c). "The moving party bears the burden of demonstrating that there exists no genuine issues of material fact." *In re Vioxx Products Liability Litigation*, 501 F.Supp.2d 776, 781 (E.D. La. 2007). In determining whether a genuine issue of material fact exists, the Court must "review the facts drawing all inferences most favorable to the party

opposing the motion." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 137 (5th Cir. 2004). But because "only those disputes over facts that might affect the outcome of the lawsuit under governing substantive law will preclude summary judgment," questions that are unnecessary to the resolution of a particular issue "will not be counted." *Phillips Oil Co. v. OKC Corp.*, 812 F.2d 265, 272 (5th Cir. 1987).

A seaman injured in the course of his or her employment has a claim for maintenance and cure. Maintenance and cure is the implied right of the seaman arising from his or her employment relationship with the shipowner and is "independent of any other source of recovery for the seaman (e.g., recovery for Jones Act claims)." *Bertram v. Freeport McMoran, Inc.*, 35 F.3d 1008, 1013 (5th Cir. 1994). Thus, whether the seamen or employer was negligent is not at issue. *Brister v. AWI, Inc.*, 946 F.2d 350, 360 (5th Cir. 1991); *Jauch v. Nautical Services, Inc.*, 470 F.3d 207, 212 (5th Cir. 2006). Maintenance is the seaman's right to food and lodging and cure is the seaman's right to necessary and appropriate medical services, and both rights extend to the point at which the seaman reaches Maximum Medical Improvement. *See Breese v. AWI, Inc.*, 823 F.2d 100, 104 (5th Cir. 1987) (citing *Vaughan v. Atkinson*, 369 U.S. 527, 531, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962)). Therefore, the maintenance and cure duty does not extend to treatment which is only palliative in nature and "results in no betterment in the claimant's condition." *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).

"When there are ambiguities or doubts [as to a seaman's right to receive maintenance and cure], they are resolved in favor of the seaman." *Lodrigue v. Delta Towing, L.L.C.*, 2003 WL 22999425, * 6 (E.D. La. Dec. 19, 2003) (quoting *Vaughan v. Atkinson*, 369 U.S. 527, 532 (1962)) (alteration in original). When there are conflicting diagnoses and prognoses from various physicians, there is a question of fact to be determined by the trier of fact as to a plaintiff's

entitlement to maintenance and cure benefits and as to whether an employer's termination of maintenance and cure benefits was arbitrary or capricious. *Id.* (citing *Tullos v. Resource Drilling, Inc.*, 750 F.2d 380 (5th Cir. 1985)).

While a shipowner owes maintenance and cure to a seaman who becomes ill or is injured while in service of the ship, the vessel owner is entitled to investigate and require corroboration of the claim. *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 171 (5th Cir. 2005) (citing *Morales v. Garijak*, 829 F.2d 1355, 1358 (5th Cir. 1987)). The Defendant states that the Plaintiff had an undisclosed pre-existing condition and that the accident on the ship did not give rise to the Plaintiff's alleged injury. For support, the Defendant presents a medical clinic report from February 28, 2008 suggesting that the Plaintiff had a pre-existing injury (Rec. Doc. No. 14-2). Although the Plaintiff cites medical reports to argue that his current injury resulted from pulling up the Wilden pump and not from a pre-existing injury, this is a factual dispute appropriately reserved for the trier or fact. Therefore, there are genuine issues of material fact concerning the Plaintiff's entitlement to maintenance and cure and, accordingly, summary judgment on this issue is not appropriate.

## IV.   CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff Gregory Edmond's Motion for Partial Summary Judgment on the Issue of Maintenance and Cure is hereby DENIED.

New Orleans, Louisiana this 26th day of May, 2009.

UNITED STATES
DISTRICT JUDGE